UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

REVEREND BECK,

Plaintiff,

v.

MIKE HATCH, W. KARL HANSON, JENNIFER K. PARK, SHERYL RAMSTAD-HVASS, DARYL E. LYNN, MARK B. LEVINGER, KATHLEEN A. BLATZ, EDWARD TOUSSAINT, ROBERT H. SHUMACHER, GORDON W. SHUMAKER, JAMES C. HARTEN, GARY R. SCHURRER, GARY J. MEYER, DOUG JOHNSON, STEVE LYDON, MARY STHAL-SWANSON, and MARY McCOMB,

Defendants.

CIVIL NO. 01-1851 (RHK/JMM)

REPORT AND RECOMMENDATION

Plaintiff, a Minnesota prison inmate, has filed a Complaint seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. (Docket No. 1.) Plaintiff did not pay the $150 filing fee for this action, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The matter is presently before the Court for two purposes: (1) to determine whether Plaintiff should be granted IFP status, and (2) to screen Plaintiff's pleading pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, it will be recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to § 1915A(b).

## I. BACKGROUND

Plaintiff is incarcerated at the Minnesota Correctional Facility at Stillwater, Minnesota. His Complaint broadly alleges that Defendants -- seventeen state judges,

FILED OCT 19 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

prosecutors, and correctional officials -- have conspired together to deprive him of his federal constitutional rights. The Complaint does not describe any specific act or omission by any individual Defendant. Instead, Plaintiff has pleaded only conclusory allegations – i.e., that certain Defendants allegedly "falsified and perjured documents and affidavits submitted to numerous court(s) in attempts to belittle the actual physical condition of plaintiff;" that other Defendants allegedly conspired to "fabricate and alter plaintiff's medical records and institutional records to enable such to present such falsified documentation to the courts;" that still other Defendants conspired to "deprive plaintiff of federal rights;" and that some Defendants "den[ied] plaintiff full and unbiased opportunity to address his issues through administrative remedies."

The Complaint does not identify any specific constitutional right(s) that Defendants allegedly violated, nor does the Complaint identify any specific harm or injury that Plaintiff may have suffered as a result of Defendants' alleged wrongdoing. Finally, the Complaint does not clearly describe the nature of the relief that Plaintiff is seeking. He is asking for some undisclosed form of "declaratory, exemplary, injunctive" relief, (as well as "punitive and nominal monetary relief").

**II. DISCUSSION**

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court

must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

For the reasons discussed below, the Court finds that Plaintiff's present Complaint does not state any cause of action on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to § 1915A(b)(1).

To state a cause of action under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a complainant must allege historical facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions") (emphasis added).

Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same). Thus, in order to state a § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights.

In this case, Plaintiff's Complaint fails to state an actionable § 1983 claim, because it does not allege any facts describing any specific wrongful acts or omissions by any of the named Defendants. There are no factual allegations of any kind showing what, specifically, any of the individual Defendants is accused of having done, or failed to do, that allegedly violated Plaintiff's constitutional rights. In short, the Complaint is merely conclusory. Because Plaintiff's Complaint does not include adequate factual allegations attributing any particular wrongful conduct to any of the named Defendants, it fails to state a claim on which relief can be granted.[1]

Plaintiff's Complaint is also defective because it does not identify any specific constitutional right(s) that any Defendant allegedly violated. Furthermore, the Complaint does not identify any harm or injury for which Plaintiff might be entitled to relief. See Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding dismissal of Plaintiff's prior civil rights action in part because he "fail[ed] to allege any personal loss that would support [his] right to recover[y]"). For these additional reasons, Plaintiff's pleading fails to state an actionable § 1983 claim.[2]

---

[1] Plaintiff should have a special appreciation for the need to plead specific historical facts, because he has already had one other civil rights complaint dismissed due to inadequate factual allegations. In Beck v. LaFleur, 257 F.3d 764 (8th Cir. 2001), the Eighth Circuit Court of Appeals upheld the summary dismissal of a prior lawsuit in which Plaintiff attempted to bring a civil rights claim against prison officials, because his complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim." Id. at 766, citing Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (requiring prisoner-plaintiffs to allege facts showing defendants personal involvement in alleged constitutional violations). In light of Plaintiff's personal experience in Beck v. LaFleur, he cannot claim that he was unaware of the need for specific factual allegations showing what, exactly, each Defendant did (or failed to do) that purportedly violated his constitutional rights.

[2] It should also be noted that seven of the seventeen named Defendants appear to be state court judges, who undoubtedly are immune from any civil rights claims that Plaintiff

## III. CONCLUSION

For the reasons discussed above, this action must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim on which relief can be granted. It follows that Plaintiff's application for leave to proceed IFP must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $150 filing fee.[3] He has not paid any part of the filing fee, so he will still owe the full $150. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). In addition, the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g). Finally, because Plaintiff has not stated any actionable claim for relief, his request for appointment of counsel, (Docket No. 3), will be denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

---

might attempt to bring against them. See Pierson v. Ray, 386 U.S. 547, 553-54 (1967) (reaffirming that judges are completely immune from civil lawsuits based on claims of misconduct during the performance of their judicial functions).

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. The action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $150, in accordance with 28 U.S.C. § 1915(b)(2);

4. Plaintiff's motion for appointment of counsel, (Docket No. 3), be **DENIED**; and

5. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: October 19, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before November 2, 2001, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.